**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**

**FILED**
2008 Aug 26 PM 02:48
CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: ) | Case No.: 05-74408 |
| ) | |
| Thomas Jefferson Armstrong and ) | Chapter 7 |
| Barbara Ellen Armstrong, ) | |
| ) | Adv. Pro. No. 06-3063 |
| Debtors. ) | |
| ) | Hon. Mary Ann Whipple |
| Douglas Thornton, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| Thomas Jefferson Armstrong, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OF DECISION AND ORDER
### GRANTING MOTION FOR SUMMARY JUDGMENT

This adversary proceeding is before the court on Defendants' Motion for Summary Judgment [Doc. # 71], Plaintiffs' response [Doc. # 78] and Defendants' reply [Doc. # 81]. In their complaint, Plaintiffs seek a determination that a debt allegedly owed to them by Defendants is excepted from their Chapter 7 discharge based on a false representation or actual fraud. Although not specifically stated in their complaint, the court

assumes Plaintiffs are proceeding under 11 U.S.C. § 523(a)(2).[1]

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising under title 11. This adversary proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. Proceedings to determine the dischargeability of particular debts are core proceedings that the court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(I). For the reasons that follow, Defendants' motion will be granted.

## BACKGROUND

The complaint in this adversary proceeding, filed on January 27, 2006, names Douglas Thornton ("Thornton"), in his individual capacity, and Castle Investments as plaintiffs. Thomas Jefferson Armstrong and Barbara Ellen Armstrong, debtors in the underlying Chapter 7 case, are named as defendants. Plaintiffs allege that Thomas Jefferson Armstrong ("Armstrong") signed four promissory notes attached as exhibits to the complaint. The attached promissory notes each provide that "R&A Ltd of Marion ("the Promisor") promises to pay to the order of Castle Investments (the Payee)" a particular sum of money, for a total amount loaned of $306,730. [Doc. 1, Complaint ¶¶ 5-8 & attached exhibits]. At the time the promissory notes were signed, Plaintiffs believed that the funds were being loaned to R&A Ltd, and not to Defendants. [*Id.* at ¶12; Doc. # 4, Answer ¶ 5; Doc. # 74, Thornton Depo. p. 18]. Indeed, Armstrong signed the notes only in his capacity as a member of R&A Ltd. [*Id.* at 19; Doc. 1, Complaint, attached exhibits]. Defendants, however, scheduled Thornton as an unsecured creditor in their bankruptcy schedules with a claim described as a "personal loan" in the amount of $250,000. [Case No. 05-74408, Doc. 1, Schedule F, p. 4].

Thornton testified at his deposition that Castle Investments was dissolved on January 1, 2005. However, in an affidavit attached to his response to the instant motion, he states that he was mistaken and that, in fact, Castle Investments was never dissolved. [Doc. # 78, Ex. A]. According to the Ohio Secretary of State, as of January 12, 2007, Castle Investments of Marion LLC was "in full force and effect." [*Id.,* Ex. B].

## LAW AND ANALYSIS

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

---

[1] Plaintiffs' complaint was filed pro se. Although they are now represented in this proceeding by counsel, they have not amended their complaint.

2

In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*.

In order to prevail on their dischargeability claim, Plaintiffs must prove the requisite element for any dischargeability claim, that is, that a debt is owed to them by Defendants. *See Hollingsworth & Co. v. Nored (In re Nored)*, 302 B.R. 833, 840 (Bankr N.D. Miss. 2003) ("Before the plaintiff can even begin to proceed to § 523(a)(2)(A) and § 523(a)(4) of the Bankruptcy Code to establish the nondischargeability of a debt, the plaintiff must first convince the court that a debt is actually owed."). Defendants argue that there is no evidence in the record that they owe Plaintiffs a debt. The court agrees.

The promissory notes that form the basis of Plaintiffs' complaint name only R&A Ltd. as the obligor and Defendant Thomas Armstrong signed the note only in his representative capacity as a member of R&A Ltd. There is no evidence that Defendants personally guaranteed the debt owed by R&A Ltd. under the promissory notes. There is thus no evidence that Defendants owe Plaintiffs any "direct" obligation that could be considered a debt potentially subject to exception from discharge under § 523(a)(2).

However, in the case *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172 (6th Cir. 1996), the Sixth Circuit adopted what has been referred to as the "benefits theory" as to whether a debtor must personally receive money or services as the result of a false representation in order for the § 523(a)(2)(A) exception to apply. The Sixth Circuit held that a creditor must prove that the debtor directly or *indirectly* obtained some tangible or intangible financial benefit in order to prevail under § 523(a)(2)(A). It does not require that the debtor (here the Defendants) directly and personally obtain every dollar lost by the creditor. In *Brady*, the plaintiff creditor successfully proved that the debtor sufficiently benefitted when a corporation that he controlled was the recipient of $40,000 from the creditor.

There are also viable legal theories available under Ohio law in which individuals such as the Armstrongs can be liable for the debts of an entity, here R&A Ltd. For example, if the corporate (or entity)

shield against personal liability is pierced, in certain circumstances individuals can be liable for the debts of the entity. *See Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Co.*, 67 Ohio St. 3d. 274, 289 (1993) (holding that a plaintiff must prove "(1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong"). Also, under Ohio law, corporate directors and officers can be held personally liable for fraud even though the corporation may also be liable, and plaintiffs need not actually pierce the corporate veil, to hold individuals liable who allegedly personally committed fraud while acting within the scope of their duties for the entity. *See Yo-Can, Inc. v. The Yogurt Exchange, Inc.*, 149 Ohio App. 3d 513, 525-527 (Mahoning Cty. 2002); *Cash America Fin. Svcs, Inc. v. Fox (In re Fox)*, 370 B.R. 104, 113 (B.A.P. 6th Cir. 2007).

Thus, while the promissory notes are executed by the entity R&A Ltd. and not by the individual debtors/Defendants, there are factual circumstances beyond the face of the promissory notes that, if properly plead and supported on summary judgment, could support finding an individual "debt" potentially subject to exception from discharge under § 523(a)(2). The problem, however, is that Plaintiffs offer no evidence, nor do they even allege facts, from which a reasonable factfinder could conclude that Defendants owe them a debt. The only averment of the complaint that bears on any of these legal theories of "indirect" liability to Plaintiffs is that Defendants were officers, owners and directors of R&A Ltd. In turn the only evidence supporting that averment in the record is Defendant Thomas Armstrong's signature of the promissory notes followed by the handwritten notation "(Member)." No other facts supporting any of the alternative legal theories described above have been alleged, let alone supported by argument and evidence in response to the motion for summary judgment. *See Gill v. Byers Chevrolet LLC*, 2007 WL 3025328, *5-6, 2007 U.S. Dist. LEXIS 81280, *14-15 (S.D. Ohio Oct. 15, 2007) (citing cases and concluding that a plaintiff must allege facts in his complaint that "at the very least, implicate the *Belevedere* factors"). The fact that Defendant Thomas Armstrong was a member of the obligor entity on the promissory notes is not sufficient, standing alone, to show that Plaintiffs are owed a debt by either or both Defendants as opposed to being owed a debt by R&A Ltd.

Defendants also presents a standing argument in contending that Thornton and Castle Investments are not proper plaintiffs in this adversary proceeding. With respect to Castle Investments, Plaintiffs have, at a minimum, offered sufficient evidence to create a factual dispute as to whether the company has been

4

dissolved, which is the basis of Defendants' argument that it is not a proper party. However, Thornton brings his claims in his individual capacity. As he is not a party to the promissory notes and does not allege or contend that the notes were assigned to him by Castle Investments or present any other basis for claiming that he suffered the financial loss alleged in the complaint, he lacks standing to assert the dischargeability claims in this case. *See Warth v. Seldin,* 422 U.S. 490, 499 (1975) (a plaintiff must "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). And the mere fact that Defendants scheduled Thornton as a creditor in this case does not convert the notes at issue into personal obligations owed by Defendants, nor does it create any interest of Thornton in the notes.

The court concludes that Plaintiffs have failed to set forth any facts that would support one of the elements of their claim, that is, that a debt is owed to them by Defendants individually. Therefore, Castle Investments' only recourse, if any, is against R&A Ltd, and Defendants are entitled to judgment as a matter of law.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 71] be, and hereby is, **GRANTED.** A separate judgment in accordance with this Memorandum of Decision and Order will be entered.